**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **FERNANDO DUARTE, ESPERANZA** | § | |
| **DUARTE and XIOMARA DUARTE,** | § | |
|    **Plaintiffs,** | § | |
| | § | |
| **V.** | § | **C.A. NO. C-13-CV-50** |
| | § | |
| | § | |
| **MICHELIN NORTH AMERICA, INC.,** | § | |
| **TOYOTA MOTOR CORP., TOYOTA** | § | |
| **MOTOR SALES, U.S.A., INC.,** | § | |
| **TOYOTA MOTOR NORTH AMERICA,** | § | |
| **INC., NTW, LLC d/b/a NTB, and** | § | |
| **TBC RETAIL GROUP, INC.** | § | |
| | § | |
|    **Defendants.** | § | |

**MEMORANDUM AND RECOMMENDATION**

Pending before the Court is defendant Toyota Motor Corporation's ("TMC")

motion to dismiss and, in the alternative, to quash service of process for lack of personal

jurisdiction (D.E. 23).  Plaintiffs responded to the motion on April 22, 2013 and TMC

filed a reply on April 29, 2012 (D.E. 29, 33).  As discussed more fully below, it is

recommended that TMC's motion be granted in part and denied in part.

**BACKGROUND**

Plaintiffs filed a tort action alleging that defects in a tire manufactured by

Defendant Michelin and mounted on a car designed, manufactured and sold by Defendant

TMC, among others, caused Plaintiffs to suffer injuries following an automobile accident

precipitated by a blow-out of the defective tire.  Defendant TMC is incorporated under

the laws of Japan.  Plaintiffs served TMC by having a summons issued and a copy of the complaint sent to the Texas Secretary of State, who in turn mailed the documents to Toyota Motor Corp., Mr. Fujio Cho, or any other officer of the company, 1, Toyota-cho, Toyota-shi, Aichi Prefecture 471-8571, Japan.  The return receipt was received by the Texas Secretary of State's office on March 18, 2013 (D.E. 21).

On April 8, 2013 TMC filed an answer to the first amended complaint (D.E. 24). On the same day, TMC filed a motion to dismiss the allegations against it, or, in the alternative, to quash for insufficient service of process (D.E. 23).  TMC asserts that because it is a Japanese corporation, it should be served in accordance with the Convention of the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 U.S.T. 361, 658 U.N.T.S. 153, 1969 WL 97765(U.S. Treaty), also known as the Hague Convention treaty.  Specifically, TMC argues that in order to perfect service on it, Plaintiffs must prepare two translated copies of the summons and petition, together with a request, certificate and summary, and send the documents to the Japanese Minister of Foreign Affairs, which will send the documents to the appropriate Japanese District Court, which in turn will serve TMC.  On April 22, 2013, Plaintiffs responded to the motion, contending that TMC has been properly served (D.E. 29).

## APPLICABLE LAW

### A.  Application of the Hague Convention

Pursuant to FED. R. CIV. P. 4(h)(2), a foreign corporation outside the judicial district may be served "in any manner prescribed by Rule 4(f) for serving an individual,

2

except personal delivery under 4(f)(2)(C)(i)."  Rule 4(f)(1) provides that unless federal

law provides otherwise, an individual may be served at a place not within any judicial

district of the United States by any internationally agreed means of service that is

reasonably calculated to give notice, such as those authorized by the Hague Convention.

The Hague Convention is a multilateral treaty that was formulated in 1964 by the

Tenth Session of the Hague Conference of Private International Law. *Volkswagenwerk*

*Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698, 108 S.Ct. 2104, 2107, 100 L.Ed.2d 722

(1988).

> The primary innovation of the Convention is that it requires each state to
> establish a central authority to receive requests for service of documents
> from other countries. 20 U.S.T. 362, T.I.A.S. 6638, Art. 2.  Once a central
> authority receives a request in the proper form, it must serve the documents
> by a method prescribed by the internal law of the receiving state or by a
> method designated by the requester and compatible with that law.  Art. 5.
> The central authority must then provide a certificate of service that
> conforms to a specified model.  Art. 6.  A state may also consent to methods
> of service within its boundaries other than a request to its central authority.
> Arts. 8-11, 19.

*Schlunk*, 486 U.S. at 698-699, 108 S.Ct. at 2107-2108.  The Convention applies in all

civil or commercial matters where there is occasion to transmit a judicial or extrajudicial

document for service abroad.  *Schlunk*, 486 U.S. at 699, 108 S.Ct. at 2108 (citing Article

1, 20 U.S.T. at 362).  However, if a foreign defendant can be served under state law

without transmitting documents abroad, the Hague Convention is inapplicable.  *Id.*, 486

U.S. 707-708, 108 S.Ct. 2112.

3

Under the Texas Business Organizations Code, corporations have a duty to maintain a registered agent on whom may be served any process, notice or demand required or permitted by law to be served on an entity.  Tex. Bus. Orgs. Code Ann. §§ 5.201-202.  If a foreign filing entity transacts business without being registered as required by Chapter 9 of the code, the Texas secretary of state serves as the agent for service of process, notice or demand.  *Id.* at § 5.251.  After service in compliance with § 5.252, the secretary of state immediately sends one of the copies of the process, notice or demand to the named entity by certified mail, return receipt requested.  *Id.* at § 5.253.

While the Texas Business Organizations Code[1] provides a means of service on foreign corporations authorized to do business in Texas, foreign corporations also may be served under the general long-arm statute found in the Texas Civil Practice and Remedies Code.  In addition, the general long-arm statue is the sole means of service over foreign corporations not authorized to do business in Texas.  3 *McDonald & Carlson Tex. Civ. Prac.* § 11:30 (2d. ed.).

Under the long-arm statute, the secretary of state is an agent for service of process on a nonresident who engages in business in this state, but does not maintain a regular place of business in Texas or a designated agent for service of process, in any proceeding that arises out of the business done in Texas and to which the nonresident is a party.  Tex.

---

[1]The Texas Business Organizations Code incorporates articles previously found in the Texas Business Corporations Act, which expired January 1, 2010 pursuant to V.A.T.S. Bus. Corp. Act, art. 11.02.  For disposition of the subject matter of the expired code, see Disposition Table 1 of the Texas Business Organizations Code.

Civ. Prac. & Rem. Code, § 17.044(b).  If the secretary of state is served with duplicate copies of process for a nonresident, the documents shall contain a statement of the name and address of the nonresident's home or home office and the secretary shall immediately mail a copy of the process to the nonresident at the address provided.  *Id.* at § 17.045(a).

TMC concedes that it does not maintain a regular place of business in Texas and has not designated an agent for service of process (D.E. 24, ¶ 7).[2]  Thus, the Texas secretary of state is TMC's agent for service of process in Texas.  Plaintiff in this case served the Texas secretary of state with a copy of the summons and plaintiffs' original complaint and the secretary of state forwarded copies of the documents to TMC in Japan, as described above (D.E. 8, 21).

Plaintiffs argue that under Texas law, because the secretary of state is an agent for service of process, service is effected when copies of the process, notice or demand, along with the applicable fees, are delivered to the secretary of state, even though the court does not have jurisdiction over defendants until the documents are forwarded to them. Plaintiffs cite *American Discovery Energy, Inc. v. Apache Corp.*, 367 S.W.3d 704 (Tex. App. – Hous [14th Dist] 2012, no pet.); *Bonewitz v. Bonewitz*, 726 S.W.2d 227, 230 (Tex. App. – Austin 1987, writ ref'd n.r.e.) and *Mok v. Dunkin' Donuts Inc.*, No. 05-92-02557-

---

[2]It its reply, TMC states in a conclusory fashion that the Texas Business Organizations Code does not apply because TMC is not a filing entity in Texas and transacts no business in Texas (D.E. 33, at 1-2).  Because the issue of service of process can be addressed without resolving the issue of TMC's status under Texas law, and because TMC can be served under the general long-arm statue, the issues of whether TMC is a foreign filing entity or whether it transacts business in Texas are not addressed.

CV, 1993 WL 74740 (Tex. App. –Dallas 1993, writ denied) in support of their argument.

Plaintiffs then go on to assert that because process is complete upon delivery of

documents to the secretary of state (and before the secretary sends them abroad), the

Hague Convention does not apply because there is no "occasion to transmit a judicial or

extrajudicial document for service abroad."

Plaintiffs' argument is not persuasive.  Federal Rules of Civil Procedure 4(f) and

(h) state that unless federal law provides otherwise, a corporation not found in a judicial

district of the United States may be served by any internationally agreed means of service

such as the Hague Convention.  Plaintiffs have pointed to no federal law stating that

service upon the Texas secretary of state, without more, suffices for service upon a

foreign corporation.

Nor do the Texas cases to which Plaintiffs refer exempt them from service under

the Hague Convention.  While it may be true that substitute service is effected when

required documents are delivered to the secretary of state, a court does not acquire

jurisdiction of a matter until the secretary of state forwards the documents to the

defendant.  *Kim v. Frank Mohn*, 909 F.Supp. 474, 479 (S.D. Tex. 1995)(citing *Whitney v.

L&L Realty Corp.,* 500 S.W.2d 94 (Tex. 1974); *Roberts v. Niekerk*, 730 S.W.2d 341 (Tex.

Ct. App. – Dallas 1987, writ ref'd n.r.e.)).  Effecting service of process on TMC without

invoking the jurisdiction of the court and giving notice to TMC would be meaningless.

"The purpose of the citation is to give the court proper jurisdiction over the parties and to

provide notice to the defendant that he has been sued . . . ."  *Aavid Thermal Technologies*

6

*of Texas v. Irving Independent School District*, 68 S.W. 3d 707, 710 (Tex. App. –Dallas 2001, no pet.).  "Citation serves the purposes of giving the court jurisdiction over the defendant, satisfying due process requirements, and giving the defendant an adequate opportunity to appear and defend."  *El Paso Independent School District v. Alspini*, 315 S.W.3d 144, 149 (Tex. App. – El Paso 2010, no pet.).

While Plaintiffs might have technically effected service on TMC with the delivery of the documents to the secretary of state, it cannot be said that service is completed for purposes of conferring jurisdiction on the court until the documents have been transmitted abroad to the defendant.  "Service of process is achieved when the citation and a copy of the petition are delivered to the defendant, or the defendant is given notice of the suit through another authorized means." *Id.  See also Texas Inspection Services, Inc. v. Melville,* 616 S.W.2d 253 (Tex. Civ. App. – Hous. [1st Dist.] 1981, no writ)(substituted service on secretary of state complete when secretary forwards documents to defendant).  Because the secretary of state must send copies of the documents to Japan in order for defendants to have notice of the lawsuit and for the court to have jurisdiction over them, the Hague convention applies.

Plaintiffs cite *Schlunk* for its holding that if a forum state's law does not require transmittal of documents abroad to effect service on a foreign defendant, the Hague Convention does not apply.  *Schlunk*, 486 U.S. at 700, 707, 108 S.Ct. at 2108, 2112. *Schlunk* is inapposite because there, the plaintiffs served the American counterpart of a German corporation, which was deemed to be the German corporation's agent for service

7

of process in the United States.  *Schlunk*, 486 U.S. at 697, 108 S.Ct. at 2107.  The issue before the United States Supreme Court was whether the Hague Convention applied when a state's service statute allowed for service of process on a foreign defendant without transmitting documents abroad and the Court held that "[t]he only transmittal to which the Convention applies is a transmittal abroad that is required as a necessary part of service." *Id.* 486 U.S. at 707, 108 S.Ct. at 2112.

As discussed above, in the instant case, documents must be transmitted abroad to complete service of process so that the court can exercise jurisdiction over defendants. Accordingly it is recommended that the Hague Convention be found to apply to service of process in this case.

### B.  Sufficiency of Service Under the Hague Convention

Prior to the Fifth Circuit's decision in *Nuovo Pignone v. Storman Asia M/V*, 310 F.3d 374 (5th Cir. 2002), several district courts in the circuit found that service on the secretary of state was sufficient under the Hague Convention.  In an unpublished opinion in *Paradigm Entertainment, Inc. v. Video System Co., LTD*, No. Civ.A. 3:99-CV-2004P, 2000 WL 251731 (N.D. Tex. 2000), the court discussed whether substituted service on the Texas secretary of state is encompassed by the Hague Convention.  The court looked at Article 10 of the Convention, which describes one of the alternates to the "Central Authority" methods of service.  The article states in relevant part, "Provided the State of destination does not object, the present Convention shall not interfere with - (a) the freedom to send judicial documents, by postal channels, directly to persons abroad . . . ."

8

The court first noted that there was a split in authority regarding whether the word "send" in Article 10(a) was the same as "service of process" in the other articles. One line of cases held that because the drafters of the Hague Convention used "service of process" in other portions of the treaty, the use of the word "send" was intended to apply to judicial papers other than those used to institute legal actions. *Paradigm Entertainment*, 2000 WL 251731 at *5 (citing *Bankston v. Toyota Motor Corp.*, 889 F.2d 172, 174 (8th Cir. 1989) and *Postal v. Princess Cruises, Inc.*, 163 F.R.D. 497, 499 (N.D. Tex. 1995)). Other courts have held that use of the word "send" rather than "service of process" does not preclude mail as a means of service. *Id.* (citing *Ackermann v. Levine*, 788 F.2d 830, 839 (2d Cir. 1986); *Smith v. Dainichi Kinzouku Kogyu Co. Ltd.*, 680 F.Supp. 847, 850-51 (W.D. Tex. 1988) and *R. Griggs Group, Ltd. v. Filanto Spa,* 920 F.Supp. 1100, 1104-06 (D. Nev. 1996)).

In addition to looking at the case discussing Article 19(a), the *Paradigm Entertainment* court examined declarations of Hague Treaty signatory countries that appeared to regard Article 10(a) as a method of service, and also reviewed a handbook written by an international committee of experts to discuss the operation of the Hague Convention. The court concluded that Article 10(a) provides for service by mail where substituted service occurs on an official within the country of origin who must then technically complete service by forwarding the documents to the party being served within the country of destination. *Id.* at *7.

9

Following the decision in *Paradigm Entertainment*, other district courts in the Fifth Circuit also found that substitute service on the secretary of state pursuant to Tex. Civ. Prac. & Rem. Code § 17.044(a)(3) was authorized under the Hague Convention. *See Chattem Chemicals, Inc. v. Akzo Nobel Chemicals, B.V.*, 229 F.Supp.2d 555 (M.D. La 2002)(denying motion to dismiss based on improper service of process, after finding that mailing of service of process to French defendant was proper under Hague Convention); *Brown v. Bandai America, Inc.*, No. 3-01-CV-0442-R, 2002 WL 1285265 (N.D. Tex. 2002)(substitute service of process on Texas secretary of state comports with Article 10(a) of Hague Convention); *International Transactions, LTD v. Embotelladora Agral Region-Montana,* 277 F.Supp.2d 654, 660 (N.D. Tex. 2002)(service of process on Mexican defendant via Texas secretary of state comports with Texas law and the Hague Convention) and *Middleton v. Noble Drilling Corp.*, 89 F.Supp.2d 874 (S.D. Tex. 2000)(denying motion to dismiss for insufficiency of service of process after finding that substituted service on defendant in British West Indies was consistent with Hague Convention).

In 2002 the Fifth Circuit examined the issue of whether the Hague Convention allows service by mail in *Nuovo Pignone*. There, an Italian shipper sued a vessel, its owners and an Italian carrier for damages allegedly suffered during unloading in Louisiana. The shipper attempted to serve the carrier by sending a copy of the complaint by Federal Express to the carrier's president in Milan, Italy, and the carrier argued that service by mail was not authorized by the Hague Convention. *Nuovo Pignone*, 310 F.3d

10

at 383.  The district court found that Nuovo Pignone had properly effected service of process by mail.  *Id.* at 377.

The Fifth Circuit acknowledged the circuit and district court split over the issue where some courts had found that Article 10(a) allows service by mail[3] while others had found that it provides only a method for sending subsequent documents after service of process had been obtained.[4]  The court, stating that it was relying on the canons of statutory interpretation, adopted the reasoning of courts that the Hague Convention does not permit service by mail.  *Id.* at 384.  In addition, the court noted that given that one purpose of the Hague Convention is to ensure that plaintiffs deliver notice to foreign addresses in sufficient time to defend the allegation, it is doubtful that mail service in all of the forty signatories to the treaty is adequate to ensure this goal.  *Id.* at 384.  Finally, the court remarked that the other provisions of the Hague Convention describe more reliable methods of effecting service and "[i]t is unlikely that the drafters would have put in place these methods of service requiring the direct participation of government officials, while simultaneously permitting the uncertainties of service by mail."  *Id.* at 385.

---

[3]*Ackermann*, 788 F.2d at 839; *Koehler v. Dodwell*, 152 F.3d 304, 307-308 (4th Cir. 1973); *Smith*, 680 F.Supp. at 850.

[4]*Bankston*, 889 F.2d at 173-74; *Princess Cruises*, 163 F.R.D. at 500; *Pennebaker v. Kawasaki Motors Corp.*, 155 F.R.D. 153, 157 (S.D. Miss. 1994).

Since the court issued its decision in *Pignone*, district courts in the Fifth Circuit have consistently ruled or commented that the Hague Convention does not permit service by mail.  *See, e.g., Berezowsky v. Ojeda*, No. 4:12-CV-03496, 2013 WL 150714 (S.D. Tex. 2013); *L.K. v. Mazda Motor Corp.*  No. 3:09-cv-469-M, 2009 WL 1033334 (N.D. Tex. 2009); *Albo v. Suzuki Motor Corp.*, No. 3:08-0139-KC, 2008 WL 2783508 (W.D. Tex. 2008); *Nocando Mem Holdings, LTD v. Credit Commercial de France, S.A.*, No. Civ.A.SA-01-1194-XR (W.D. Tex. 2004).  In only one of these cases, *Nocando*, was service made on the Texas secretary of state who then mailed the documents by registered mail to the defendants abroad.  In the other cases, the plaintiffs tried to serve the defendants directly by mail in the foreign countries.  Nevertheless, given the clear language in *Pignone* regarding service by mail, it is recommended that Plaintiffs' attempt at service through the Texas secretary of state, who mailed the documents to TMC, be found insufficient under the Hague Convention.

### C.  Dismissal or Extension of Time for Service

TMC asks that either the cause of action be dismissed for failure to properly effect service, or that service be quashed and Plaintiffs ordered to properly serve TMC within 120 days.  TMC has not shown that it has suffered prejudice because Plaintiffs failed to serve it in accordance with the Hague Convention.[5]  Therefore, it is recommended that

---

[5]Indeed, defendants have actual notice of the lawsuit and the same counsel who represents TMC represents Toyota Motor Sales U.S.A. Inc. and Toyota Motor North America, Inc.  Regardless, actual notice of litigation does not satisfy the requirement of proper service of a summons under Rule 4.  *McGuire v. Sigma Coatings, Inc.*, 48 F.3d

TMC's motion to dismiss be denied.  TMC's motion to quash service should be granted and Plaintiffs should be allowed a reasonable period of time in which to effect service under the Hague Convention.[6]

Although TMC argues that Plaintiffs should be ordered to effect service under Article 3 of the Hague Convention, alternate methods of service are described in other articles of the treaty.  No recommendation is made for Plaintiffs to proceed under a particular article.

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Defendant TMC's motion to dismiss and alternative motion to quash for insufficient service (D.E. 23) be granted in part and denied in part.  The motion to dismiss should be denied.  The motion to quash service should be granted.  Plaintiff should be allowed a reasonable period of time in which to effect service under the Hague Convention.  No recommendation is made for Plaintiffs to proceed under a particular article of the treaty.

Respectfully recommended this 3rd day of May, 2013.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

---

902, 907 (5th Cir. 1995).

[6] TMC suggests 120 days, but no time limit is recommended.  Indeed, the requirement in FED. R. CIV. P. 4(m) to serve defendants within 120 days does not apply to service in a foreign country.

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996)(en banc).

14